UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**WORLDWIDE CREATIONS, LLC**, a
Michigan Limited Liability Company,

    Plaintiff,

v.

**STARK INTERNATIONAL, INC.**, a
California Corporation,

    Defendant.

Case No. 1:18-cv-06485

Hon.

JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Worldwide Creations, LLC, by and through its attorneys, Young Basile Hanlon & MacFarlane, P.C., for its complaint against Defendant Stark International, Inc., hereby states as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement under the United States Code, Title 35, as amended.

### THE PARTIES

2. The Plaintiff, Worldwide Creations, LLC ("Plaintiff") is a Michigan limited liability company having an address of P.O. Box 595, Clio, MI, 48420.

3. On information and belief, Defendant, Stark International, Inc. ("Defendant"), is a California corporation having places of business at 13850 Central Ave., Suite 200 Chino, CA, 91710, US, and at 901 West 36th Place, Chicago, IL, 60632.

4. On information and belief, Defendant does business using a number of assumed names and/or brand names, including Stark Tools USA, Barton, XtremepowerUS, and iHubdeal.

## JURISDICTION AND VENUE

5. On information and belief, Defendant has committed acts and continues to commit acts of patent infringement giving rise to this action under the patent laws of the United States, 35 U.S.C. §§ 271 and 281. This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

6. On information and belief, under Illinois's long-arm statute, 735 ILCS § 5/2-209, Defendant submitted to the personal jurisdiction of this Court because Defendant, inter alia: transacted business within the State of Illinois; committed a tortious act within the State of Illinois; engaged in an act of patent infringement in the State of Illinois and this District; have a place of business within the State of Illinois; regularly conduct or solicit business in the State of Illinois; engage in other persistent courses of conduct in the State of Illinois; and/or derive substantial revenue from goods and services provided to persons or entities in the State of Illinois. Further, on information and belief, Defendant has established minimum contacts with the State of Illinois and this District such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

7. On information and belief, venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b) because Defendant has a regular and established place of business in this District or the State of Illinois.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 9,468,284

8. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-7 above, as if fully set forth herein.

9. On October 18, 2016, U.S. Patent No. 9,468,284 ("the '284 Patent") entitled "HANGING CHAIR" was duly and lawfully issued by the United States Patent and Trademark Office to Scott Wehner. A true and correct copy of the '284 Patent is attached as Exhibit A.

10. Plaintiff is the owner of the '284 patent by way of assignment.

11. The '284 patent confers upon the Plaintiff the exclusive right to make, use, sell and offer for sale the invention therein described.

12. Since the grant of the '284 Patent, Plaintiff has continuously marked substantially all chairs manufactured according to the patent with the reference "Patent" or "Pat." and the patent number "9,468,284". Accordingly, Defendant has had constructive notice of the '284 Patent since at least as early as October 18, 2016.

13. On information and belief, Defendant has made, used, offered for sale, and sold and are now making, using, offering for sale, and/or selling, without permission from Plaintiff, hanging chairs that infringe claim 1 of the '284 patent. At least some of these chairs are marketed under the name "Barton" (herein, the "Barton Hanging Chair").

14. Examples of advertisements for hanging chairs offered for sale and sold by Defendant are included in Exhibit D.

15. A claim chart demonstrating infringement of the '284 patent by the Defendant's Barton Hanging Chair is included as Exhibit E. As shown in Exhibit E, Defendant's Barton Hanging Chair includes all of the elements of claims 1-9, 11-13, 15, 16, and 20 of the '284 patent.

16. The Defendant has infringed the '284 Patent by making, using, selling, and/or offering for sale hanging chairs, including the Barton Hanging Chair.

17. On information and belief, Defendant has had actual notice of the '284 Patent since at least June 8, 2018.

18. On information and belief, Defendant's infringement of the '284 Patent has been willful and deliberate.

19. As a result of the Defendant's actual infringement, Plaintiff has suffered damage, and unless and until the actions of the Defendant are enjoined, Plaintiff will continue to suffer damage.

20. Defendant's infringing activities have and continue to directly and proximately cause Plaintiff damages.

21. The present case is an exceptional case, entitling Plaintiff to an award of attorney's fees.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 10,016,048

22. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-21 above, as if fully set forth herein.

23. On July 10, 2018, U.S. Patent No. 10,016,048 ("the '048 Patent") entitled "HANGING CHAIR" was duly and lawfully issued by the United States Patent and Trademark Office to Scott Wehner. A true and correct copy of the '048 Patent is attached as Exhibit B.

24. Plaintiff is the owner of the '048 patent by way of assignment.

25. The '048 patent confers upon the Plaintiff the exclusive right to make, use, sell and offer for sale the invention therein described.

26. Since the grant of the '048 Patent, Plaintiff has continuously marked substantially all chairs manufactured according to the patent with the reference "Patent" or "Pat." and the

patent number "10,016,048". Accordingly, Defendant has had constructive notice of the '048 Patent since at least as early as July 10, 2018.

27. On information and belief, Defendant has made, used, offered for sale, and sold and are now making, using, offering for sale, and/or selling, without permission from Plaintiff, hanging chairs that infringe claims 1-9, 11-13, 15, 16, and 20 of the '048 patent. These chairs include the Barton Hanging Chair.

28. Examples of advertisements for hanging chairs offered for sale and sold by Defendant are included in Exhibit D.

29. A claim chart demonstrating infringement of the '048 patent by the Defendant's Barton Hanging Chair is included as Exhibit F. As shown in Exhibit F, Defendant's Barton Hanging Chair includes all of the elements of at least claims 1-9, 11-13, 15, 16, and 20 of the '048 patent.

30. The Defendant has infringed the '048 Patent by making, using, selling, and/or offering for sale hanging chairs, including the Barton Hanging Chair.

31. As a result of the Defendant's actual infringement, Plaintiff has suffered damage, and unless and until the actions of the Defendant are enjoined, Plaintiff will continue to suffer damage.

32. Defendant's infringing activities have and continue to directly and proximately cause Plaintiff damages.

33. The present case is an exceptional case, entitling Plaintiff to an award of attorney's fees.

## COUNT III
## INFRINGEMENT OF U.S. DESIGN PATENT NO. D759,396

34. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-33 above, as if fully set forth herein.

35. On June 21, 2016, U.S. Design Patent No. D759,396 ("the '396 design patent") entitled "HANGING CHAIR" was duly and lawfully issued by the United States Patent and Trademark Office to Scott Wehner. A true and correct copy of the '396 design patent is attached as Exhibit C.

36. Plaintiff is the owner of the '396 design patent by way of assignment.

37. The '396 design patent confers upon the Plaintiff the exclusive right to make, use, sell and offer for sale the invention therein described.

38. Since the grant of the '396 design Patent, Plaintiff has continuously marked substantially all chairs manufactured according to the patent with the reference "Patent" or "Pat." and the patent number "D759,396". Accordingly, Defendant has had constructive notice of the '048 Patent since at least as early as June 21, 2016.

39. On information and belief, Defendant has made, used, offered for sale, and sold and are now making, using, offering for sale, and/or selling, without permission from Plaintiff, hanging chairs that infringe claims 1-9, 11-13, 15, 16, and 20 of the '048 patent. These chairs include the Barton Hanging Chair.

40. Examples of advertisements for hanging chairs offered for sale and sold by Defendant are included in Exhibit D.

41. A side by side comparison chart demonstrating infringement of the '396 design patent by the Defendant's Barton Hanging Chair is included as Exhibit G. As shown in Exhibit G, the Barton Hanging Chair is identical to the patented design, such that an ordinary observer

6

would conclude that the design of the Barton Hanging Chair is substantially the same as the patented design when the two designs are compared in the context of the prior art.

42. The Defendant has infringed the '396 design patent by making, using, selling, and/or offering for sale hanging chairs, including the Barton Hanging Chair.

43. On information and belief, Defendant has had actual notice of the '396 design patent since at least April 23, 2018.

44. On information and belief, Defendant's infringement of the '396 design patent has been willful and deliberate.

45. As a result of the Defendant's actual infringement, Plaintiff has suffered damage, and unless and until the actions of the Defendant are enjoined, Plaintiff will continue to suffer damage.

46. Defendant's infringing activities have and continue to directly and proximately cause Plaintiff damages.

47. The present case is an exceptional case, entitling Plaintiff to an award of attorney's fees.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment for Plaintiff against Defendant, declaring that they have willfully infringed Plaintiff's patents.

B. Award Plaintiff all damages it has sustained as a result of Defendant's patent infringement and order that the damages be trebled pursuant to 35 U.S.C. 284.

C. Declare this case exceptional and find that Plaintiff is entitled to recover its costs and reasonable attorney's fees incurred in this action, pursuant to 35 U.S.C. 285.

D.     Preliminarily and permanently enjoin and restrain Defendant and its agents, servants, employees, partners, attorneys, successors and assigns, and all those acting in concert with them, from infringing, contributory infringing or inducing infringement of Plaintiff's patents.

E.     Enter an order requiring Defendant to offer up for destruction any and all remaining inventory of any infringing products.

F.     Enter judgment granting such other relief as justice and equity may require.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial of all issues.

Date: September 24, 2018

Respectfully submitted,

 /s/ Nicholas A. Kurk
Nicholas A. Kurk (ARDC 6292133)
Young Basile Hanlon & MacFarlane, P.C.
150 N. Wacker Dr., Suite 1450
Chicago, IL 60606
(312) 754-9332 / (248) 649-3338 Fax
kurk@youngbasile.com

-and-

Craig A. Redinger (*Pro Hac Vice To Be Filed*)
Young Basile Hanlon & MacFarlane, P.C.
301 E. Liberty, Suite 680
Ann Arbor, MI 48104
(734) 662-0270
creding@youngbasile.com

*Attorneys for Plaintiff*